UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD LEWIS BELL,

    Petitioner,

v.                                        Case No. 3:23-cv-24425-LC-MJF

RICKY D. DIXON,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner Richard Lewis Bell, proceeding *pro se*, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Respondent ("the State") moves to dismiss the petition because Bell's claim is procedurally defaulted. Doc. 9. Bell opposes the motion. Doc. 11. Bell's habeas petition should be denied because his claim is procedurally defaulted.

**I. BACKGROUND AND PROCEDURAL HISTORY**

In Escambia County Circuit Court Case No. 2011-CF-2382, Bell was convicted of Robbery with a Firearm or Deadly Weapon; Carjacking with a Firearm or Deadly Weapon; and Kidnapping to Commit or Facilitate the Commission of a Felony. Doc. 9, Ex. 1. The trial court

sentenced Bell on each count to forty years of imprisonment to run concurrently with each other. *Id.*

On direct appeal, Bell's appellate counsel filed an *Anders* brief. Doc. 9, Ex. 2; *Anders v. California*, 386 U.S. 738 (1967). Appellate counsel filed a motion to allow Bell to file a brief on his own behalf. Doc. 9, Ex. 3. Bell filed a *pro se* notice of dismissal. Doc. 9, Ex. 4. Bell's appellate counsel also filed a notice of voluntary dismissal. Doc. 9, Ex. 5. On October 19, 2012, the Florida First District Court of Appeal ("First DCA") dismissed Bell's appeal "pursuant to Florida Rule of Appellate Procedure 9.350(b)." Doc. 9, Ex. 6.[1] On October 24, 2012, Bell filed in the First DCA a *pro se* motion seeking the "return" of the initial brief and attachments to enable him to "file a proper 3.800(A),(B),(C) or 3.850 postconviction relief claim." Doc. 9, Ex. 7 at 1.

On April 14, 2013, Bell filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, alleging ineffective

---

[1] Florida Rule of Appellate Procedure 9.350(b) provides:

> **(b) Voluntary Dismissal.** A proceeding of an appellant or a petitioner may be dismissed before a decision on the merits by filing a notice of dismissal with the clerk of the court without affecting the proceedings filed by joinder or cross-appeal.

assistance of trial counsel. Attach. 1. On July 22, 2013, the state circuit court denied the motion. Attach. 2. The First DCA affirmed without opinion. *Bell v. State*, No. 1D13-4283 (Fla. 1st DCA Feb. 6, 2014) (per curiam) (Table). Bell filed various other postconviction motions not relevant here.

Bell filed his federal habeas petition on September 11, 2023. Doc. 1. Bell's petition raises one claim:

> PETITIONER IS UNLAWFULLY DETAINED PURSUANT [TO] AN OPEN PLEA THAT WAS ENTERED <u>AFTER</u> THE TRIAL COURT HAD BEEN NOTIFIED OF PETITIONER'S COMPETENCY ISSUES. THE COURT'S ACCEPTANCE OF PETITIONER'S PLEA, DISREGARDING FLA.R.CRIM.P. 3.210(b), WHICH REQUIRES A COMPETENCY HEARING <u>PRIOR</u> TO ANY FURTHER STEPS IN THE PROCEEDING, RENDERED PETITIONER'S PLEA UNKNOWING AND INVOLUNTARY, AND THUS RESULTED IN THE VOID JUDGMENT AND SENTENCE THAT CURRENTLY AUTHORIZES PETITIONER'S DETENTION. THE COURT'S FAILURES IN THIS REGARD RESULTED IN A MANIFEST INJUSTICE THAT MUST BE CORRECTED.

Doc. 1, Ex. A at 2.

The State asserts that Bell's claim is procedurally defaulted because it was a direct appeal issue and Bell voluntarily dismissed his direct appeal. Doc. 9. Bell responds that his procedural default should be excused because his claim involves "a manifest injustice." Doc. 11 at 1, 6.

## II. Discussion

### A. Habeas Exhaustion Requirement and Procedural Default

"To respect our system of dual sovereignty, the availability of habeas relief is narrowly circumscribed." *Shinn v. Ramirez*, 596 U.S. 366, 375 (2022) (citations omitted). One such constraint is the exhaustion requirement and corollary principle of procedural default. *See* 28 U.S.C. § 2254(b); *Shinn*, 596 U.S. at 375-79.

Section 2254 "requires state prisoners to 'exhaust the remedies available in the courts of the State' before seeking federal habeas relief." *Shinn*, 596 U.S. at 377 (alteration adopted) (quoting 28 U.S.C. § 2254(b)(1)(A)). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim" to the state's highest court, either on direct appeal or on collateral review. *Picard v. Connor*, 404 U.S. 270, 277-78 (1971); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

When a petitioner fails to exhaust his federal claim and the state court remedy no longer is available, that failure to exhaust is a procedural default. *Boerckel*, 526 U.S. at 839-40; *see also Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999) (when a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim now would be procedurally barred under state law, the claim is procedurally defaulted).

A petitioner seeking to overcome a procedural default must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[ ] will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Lucas v. Sec'y, Dep't of Corr.*, 682 F.3d 1342, 1352–53 (11th Cir. 2012). A petitioner establishes "cause" by showing that an objective factor external to the defense impeded an effort to properly raise the claim in the state court. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). A petitioner establishes "prejudice" by showing at least a reasonable probability that the proceeding's result would have been different. *Id*.

To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327. The *Schlup* standard is very difficult to meet:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that that was not presented at trial.

513 U.S. at 327.

**B.    Bell Failed To Exhaust His Claim[2]**

Bell concedes that he did not exhaust his claim on direct appeal because he dismissed his direct appeal. Doc. 1 at 9. Bell asserts that he raised his claim in his Rule 3.850 motion filed in April 2013. Doc. 1 at 9-10.

---

[2] This discussion assumes to Bell's benefit, without deciding, that Bell's petition presents a federal claim as opposed to a purely state-law issue.

A copy of Bell's Rule 3.850 motion is attached to this Report and Recommendation. *See* Attach. 1. Bell's Rule 3.850 motion challenged Bell's plea on different grounds—ineffective assistance of trial counsel. *Id*. Specifically, Bell claimed that trial counsel was ineffective for (1) failing to investigate a potential defense witness ("Jacqui"); (2) failing to question Bell's competency upon learning he was on medication; and (3) misadvising Bell about the sentence he would receive under the plea agreement. *Id*. Bell's Rule 3.850 motion did not allege that his plea was involuntary because the trial court failed to comply with the requirements of Florida Rule 3.210. The state court's order denying relief construed Bell's motion as challenging his plea on grounds of ineffective assistance of trial counsel. *See* Attach. 2. Bell's Rule 3.850 proceeding, therefore, did not exhaust his present habeas claim.

C.   **Bell's Claim Is Procedurally Defaulted**

Bell did not give the Florida state courts a "full and fair opportunity" to rule on his habeas claim. *Boerckel*, 526 U.S. at 845. Bell is barred by state procedural rules from returning to state court to exhaust his claim. *See* Fla. R. Crim. P. 3.850(c) ("This rule does not authorize relief based on grounds that could have or should have been

Page 7 of 11

raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."); *see also* Fla. R. Crim. P. 3.850(b) (imposing a 2-year time limit on Rule 3.850 motions running from the date the judgment and sentence become final); Fla. R. Crim. P. 3.850(h) (barring successive Rule 3.850 motions asserting grounds that could have been asserted in a prior motion). Bell's claim, therefore, is procedurally defaulted.

Bell has not made any of the requisite showings to excuse his procedural default. Although he asserts a "manifest injustice" has occurred, his allegations do not satisfy the *Schlup* standard for excusing a procedural default based on a "miscarriage of justice." Bell's procedural default bars federal habeas review of his claim.

### III.  A CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal still

must be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. 100, 115 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the

requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's motion to dismiss, Doc. 9, be **GRANTED**.

2. The petition for writ of habeas corpus, Doc. 1, challenging the judgment of conviction in *State of Florida v. Richard Lewis Bell*, Escambia County Circuit Court Case No. 2011-CF-2382, be **DENIED**.

3. The District Court **DENY** a certificate of appealability.

4. The clerk be directed to close this case file.

At Panama City, Florida, this 16th day of February, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation.** <u>**Any different deadline that may appear on the electronic docket is for the court's internal use only.**</u> **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**